IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELSEY BOWERS,

        Plaintiff,

    v.

CAPITAL ONE BANK, N.A.,
a foreign banking association, and
CAPITAL ONE SERVICES, INC.,
a foreign corporation,

        Defendants.

No. CV 09-259-MO

OPINION & ORDER

**MOSMAN, J.,**

    Kelsey Bowers brought suit in Multnomah County Circuit Court against Capital One Bank, N.A., and Capital One Services, Inc. (collectively "Capital One"), asserting state law claims for violation of the Oregon Unlawful Debt Collection Practices Act, Oregon Revised Statutes ("ORS") § 646.639 *et seq.*; invasion of privacy; and defamation; and, a federal claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Capital One removed the case to this court on March 5, 2009. Ms. Bowers now moves to remand the case to Multnomah County Circuit Court based on untimely removal by Capital One. I hold that Capital One's removal was untimely because it was more than thirty days after Capital One Services was served with the summons and complaint, and GRANT Ms. Bowers's Motion to Remand (#7).

PAGE 1 - OPINION & ORDER

## BACKGROUND

Ms. Bowers filed suit against Capital One Services and Capital One Bank on December 12, 2008, in Multnomah County Circuit Court. (Notice of Removal (#1) Ex. A at 5, 17.) Capital One Services and Capital One Bank are subsidiaries of the same parent corporation, Capital One Financial Corp., and are represented by the same counsel. On January 22, 2009, counsel for plaintiff contacted counsel for Capital One and asked whether counsel for Capital One would accept service on behalf of both Capital One defendants. (Sola Aff. (#9) ¶ 2.) The request was forwarded to the appropriate attorney and received the same day. (Kuiumdjian Decl. (#13) Ex. 2.) There appears to have been some confusion over what was being requested and the attorneys for Capital One did not respond directly to the request to accept service until February 9, 2009. (*Id.* at Exs. 2-3.)

In the interim, counsel for Ms. Bowers initiated service through a process server. (Sola Aff. (#9) ¶ 3.) He hired a process server in California, because neither Capital One entity had a registered agent in Oregon. (*Id.* ¶ 4.) Capital One Services's registered agent in California was personally served with the summons and complaint on January 30, 2009. (*Id.* at Ex. 1.) Capital One Bank's registered agent in Virginia was personally served on February 5, 2009. (*Id.* at Ex. 2.)

After being informed by defense counsel that counsel would accept service for Capital One, Ms. Bowers's counsel sent an Acknowledgment/Acceptance of Service to Capital One's counsel on February 10, 2009. (Kuiumdjian Decl. (#13) Ex. 3; Sola Aff. (#9) ¶ 5.) At that time, plaintiff's counsel was unaware that service had been completed on both Capital One entities. (Sola Aff. (#9) ¶ 5.) Counsel for Capital One signed the Acceptance of Service form on

PAGE 2 - OPINION & ORDER

February 23 and e-mailed it to plaintiff's counsel on February 24, 2009. (Kuiumdjian Decl. (#13) ¶ 9, Ex. 8.) Also on February 24, 2009, Ms. Bowers filed proof of service on Capital One Services with the state court. (*Id.* ¶ 10, Ex. 9.) Capital One filed the Notice of Removal (#1) on March 5, 2009.

## DISCUSSION

**I.     Removal of Actions Generally**

A notice of removal must be filed with the district court "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant." 28 U.S.C. § 1446(a)-(b). The removal statute is to be strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). The party seeking removal bears the burden of establishing by a preponderance of the evidence that the removal requirements are met. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Under the rule of unanimity, all defendants must consent to removal. *Embury v. King*, 361 F.3d 562, 563 n.1 (9th Cir. 2004) (citations omitted).

Courts disagree regarding when the thirty-day period begins to run for each defendant. *See McAnally Enters., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1226-27 (C.D. Cal. 2000) (examining the "first-served" and "last-served" defendant rules, determining the majority rule is the "first-served" defendant rule and listing cases). Under the majority "first-served" rule, all defendants must agree to removal within thirty days of the first defendant receiving the summons or complaint. *Id.* at 1226. "Courts applying the majority first served rule have relied primarily upon three reasons . . . : (1) that it follows logically from the unanimity rule, (2) that forum

PAGE 3 - OPINION & ORDER

selection should be resolved as early as possible, and 3) that removal statutes must be construed narrowly." *Id.* at 1227. The Ninth Circuit has held that a failure to remove within thirty days constitutes a waiver of the right to remove, but has not explicitly adopted the "first-served" rule. *See Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1254 (9th Cir. 1989).

Under the minority "last-served" rule, courts have allowed each defendant thirty days from the date on which they received the complaint to remove the case. *McAnally Enters.*, 107 F. Supp. 2d at 1228. These courts "have cited fairness to defendants and case-specific circumstances as the main reasons for departing from the majority rule." *Id.* (quoting *Olsen v. Found. Health Plan*, No. C 99-1804 TEH, 1999 WL 390842, at *2 (N.D. Cal. June 11, 1999)). For example, courts are concerned that a plaintiff could manipulate the time of service to prevent removal, or that later-served defendants would be at a disadvantage attempting to remove in a reduced time-frame. *Id.* at 1228-29.

There is a split of opinion within this district regarding the "first-served" and "last-served" defendant rules. *See United Traffic Consultants, Inc. v. Premium Logistics, Inc.*, No. Civ. 01-1324-JE, 2001 WL 34039477, at *3 (D. Or. Nov. 16, 2001) (stating that there is a split and citing cases). Magistrate Judge Jelderks noted in *United Traffic Consultants* that although the "first-served" rule was the majority rule, the recent trend was toward the "last-served" defendant rule. *Id.* at *4.

Under the circumstances of this case, I adopt the majority "first-served" rule and hold that Capital One was required to remove within thirty days of January 30, 2009, the date when Capital One Services was served with the summons and complaint. There are certainly instances where applying the "first-served" rule could unfairly disadvantage later-served defendants and an

exception to the "first-served" rule might be warranted, but this is not one of those cases. First, Ms. Bowers was not attempting to manipulate service dates to ensure the case was not removed. Capital One Bank was served only six days after Capital One Services and this delay was due to the fact that the paper work had to be sent from California to Virginia.

Second, Capital One Services and Capital One Bank are essentially the same party. They are two subsidiaries of the same parent corporation and are represented by the same counsel. There is only one Capital One account that gave rise to the claims in this case. (Notice of Removal (#1) Ex. A at 6.) And Ms. Bowers argues that Capital One itself has treated Capital One Services and Capital One Bank interchangeably by labeling documentation sent to Ms. Bowers regarding a single account under both names. Because plaintiff did not attempt to manipulate service and the defendants are essentially one party, defendants had thirty days from service on Capital One Services to remove this case. The Notice of Removal (#1) was filed thirty-four days after Capital One Services was served; therefore, removal was untimely.

## II.    Equitable Tolling of Removal Period

Capital One contends that this court should equitably toll the removal period because plaintiff's counsel confused defense counsel regarding service. Defense counsel states that counsel was unaware that Ms. Bowers had served Capital One on January 30, 2009, and therefore believed the thirty day time limit ran from February 23, 2009, when defense counsel signed the Acceptance of Service form.

It does appear from the record that there was some confusion in the communications between plaintiff and defense counsel in this case. However, that confusion does not appear to be the result of any improper behavior by plaintiff's counsel, who merely wished to be assured

PAGE 5 - OPINION & ORDER

that service was completed in a timely fashion. Regardless of fault, defense counsel's confusion is ultimately irrelevant. The removal statute states that notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). The statute says nothing about a plaintiff's duty to make defense counsel aware of service. That is the defendant's responsibility. If Capital One failed to make defense counsel aware of the summons and complaint, Capital One must suffer the consequences of that failure. I therefore decline to equitably toll the removal period.

### III.     Equitable Estoppel

Finally, Capital One contends that Ms. Bowers should be equitably estopped from arguing that Capital One's removal was untimely. Because plaintiff's counsel accepted the signed Acceptance of Service form on February 24, 2009, without objecting to its validity and without informing defense counsel that he believed service was completed on January 30, 2009, Capital One argues that Ms. Bowers cannot now state that service was completed on January 30. This argument puts a much higher burden on plaintiffs than that created by law. First, plaintiffs have no duty to ensure that defense counsel be told about service on the defendant. It is the defendant's duty to hire an attorney and ensure that they are informed of the issues arising in the case.

Second, plaintiffs may serve defendants in any legal way, and even in multiple ways. Here, Ms. Bowers attempted to serve defendants through counsel and received no direct response. She then served defendants through personal service upon registered agents. Later, when plaintiff's counsel was still unaware of whether service was complete, defense counsel agreed to accept service. Thirteen days later the Acceptance of Service was signed. Plaintiff

PAGE 6 - OPINION & ORDER

should not have to wait for defense counsel's convenience to ensure service, particularly when state law requires that service be completed within a short amount of time to toll the statute of limitations. *See* Or. Rev. Stat. § 12.020(2) (stating that a case is considered commenced for statute of limitations purposes only when service is completed within sixty days of the filing of the complaint). I therefore decline to equitably estop plaintiff's argument for remand.

## CONCLUSION

For the foregoing reasons, I GRANT Ms. Bowers's Motion to Remand (#7).

IT IS SO ORDERED.

DATED this  25   day of May, 2009.

                                               /s/ Michael W Mosman  
                                               MICHAEL W. MOSMAN  
                                               United States District Judge